DENSLOW *v.* LOESCHER.

Corporations—Ownership of Stock.

Evidence that two certificates of stock for one share each were issued in plaintiff's name for the purpose of making up the number of stockholders required by law to organize a corporation, that he assigned them, on request, without claim of ownership, that he was never notified of meetings of stockholders or directors or attended any for 20 years, and that he received no dividends during said time, although the earnings were large, *held,* sufficient to establish that he was not the actual owner of the stock.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 23, 1928. (Docket No. 151, Calendar No. 34,023.) Decided December 4, 1928.

Bill by Cora G. Denslow, administratrix of the estate of John F. Denslow, deceased, against Otto Loescher to establish ownership of corporate stock. From a decree for plaintiff, defendant appeals. Reversed and decree entered for defendant.

*Edward C. Farmer* and *Charles B. Cross,* for plaintiff.

*Norris, McPherson, Harrington & Waer,* for defendant.

SHARPE, J. The C. W. Marsh Company, of Muskegon, was organized in May, 1907, with a paid-up capital stock of $5,000, represented by 500 shares of the par value of $10 each. The incorporators, as shown by the articles filed, were C. W. Marsh, Otto Loescher, and John F. Denslow. Marsh and Loescher were each subscribers for 249 shares and Denslow for 2 shares. The purposes of the corporation were the manufacture and sale of leather specialties and knit goods and the purchase and sale of leather. Marsh had been engaged in such manufacture for several years, and had purchased leather from a tannery in Muskegon, of which Loescher was manager. He turned in his plant as a part of his stock subscription. At the suggestion of their attorney that there must be three stockholders, Marsh and Loescher agreed that one share of their stock should be issued to Denslow, and certificates numbered 1 and 2 were accordingly issued, but left in the possession of the secretary. At the organization meeting, at which all were present, the three were elected directors, and at the directors' meeting which followed Marsh was elected president, Denslow vice-president, and Loescher secretary and treasurer. The minutes of the corporation show that annual meetings were held each year from 1908 to 1926 inclusive. Denslow did not attend any of these meetings. The same directors and officers were, however, elected.

On May 7, 1908, Denslow indorsed one of his certificates to Mrs. C. W. Marsh and the other to Mrs.

Otto Loescher, and new certificates (Nos. 5 and 6) were issued to them. On February 3, 1909, these certificates were assigned to Denslow and two new certificates (Nos. 7 and 8) issued to him. While he acknowledged the receipt of them on the stubs, they were not delivered to him. Certificate No. 7 was kept by Marsh. Certificate No. 8 bears an indorsement assigning it to Otto Loescher, and it has since been in his possession. It appears to have been signed in the presence of David D. Erwin, the then attorney for the company. The name "Otto Loescher" thereon is in the handwriting of Mr. Marsh. The profits were each year divided between Marsh and Loescher.

In 1926, John E. Johnson, who had been in the employ of the company since 1909, and had been its manager for many years, desired to purchase some stock therein. Both Marsh and Loescher were anxious to permit him to do so, but were unwilling to disturb the division of stock held by each. They consulted Mr. Keeney, an attorney at Grand Rapids, as to how this could be accomplished, and represented, as testified to by him, that they were "the owners each of a half interest in that business and they had to consider what would be the effect if somebody else were taken in." Marsh later wanted his son-in-law taken in.

At the annual meeting in January, 1927, Denslow was present at the request of Marsh. It was the only meeting that he had had notice of or attended after the first one. At this meeting, Marsh and Denslow claimed that Denslow was the actual owner of the two shares of stock represented by certificates Nos. 7 and 8. He was permitted to vote the one share represented by certificate No. 7, and Loescher was not permitted to vote the share repre-

sented by certificate No. 8. The result was that Marsh was re-elected president, Denslow vice-president at a salary of $1,000 per year, and Marsh's son-in-law, Bradbury, was elected secretary and treasurer at an annual salary of $3,500.

In May following, the bill of complaint herein was filed by Denslow. In his prayer for relief he asked that he be decreed to be the owner of certificate No. 8, that Loescher be ordered to deliver it to him, and that in default thereof it be annulled and a new certificate for one share of stock be issued to him. In his answer defendant denied that plaintiff was the owner of the stock in question, and by cross-bill prayed that the court should decree the ownership to be in him and that the action taken by the stockholders at the annual meeting in 1927 be declared a nullity and the officers enjoined from paying the salaries voted thereat. The decree entered granted plaintiff the relief prayed for, and from it defendant has appealed.

We have read this record with care. We are always loath to reverse a trial court on findings of fact made by him, but the hearing before us is *de novo* and we have no right to shirk the responsibility imposed on us of deciding the issues of fact presented. In our opinion the preponderance of the proof does not sustain the finding of the trial court, but leads to the opposite conclusion.

"Actions speak louder than words." The intent of the parties as to the ownership of this stock is clearly indicated by the following: Plaintiff received two certificates for one share each, not a certificate for two shares; he assigned these certificates to Mrs. Marsh and Mrs. Loescher on request, without claim of ownership on his part; he accepted the new certificates issued in place of those surrendered and

at once assigned one of them to Loescher; he was never notified of a meeting of the stockholders or directors, nor did he attend any such meeting for the 20 years during which he now claims to have been an actual stockholder; he received no dividends, although the net earnings on two shares amounted to from $200 to $300 per year from 1916 to 1926.

Were the plaintiff now claiming this stock from both Marsh and Loescher, these facts would clearly show that he was not entitled to it. That Marsh now seeks to support his claim cannot overcome the force and legal effect which should be given to them. It is apparent that plaintiff permitted his name to be used as a stockholder at the time of the incorporation to make up the number required by law. He never had any actual ownership of the stock.

We have not overlooked the fact that Denslow was named as a stockholder in the annual reports made. The records of the company so disclosed. Nor are we unmindful of the testimony of apparently disinterested witnesses as to statements made by defendant of the intent with which he secured plaintiff's indorsement on certificate No. 8. These conversations were had many years before the witnesses testified, and cannot be said to outweigh the effect of what was actually done by the parties of which there is no dispute.

The cross-bill having been withdrawn, a decree may be here entered dismissing the plaintiff's bill, with costs of both courts to appellant.

Fead, C. J., and North, Fellows, Wiest, Clark, McDonald, and Potter, JJ., concurred.